FILED'08 JUN 18 11:19USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PETER T. HARRELL,

    Plaintiff,

v.

UNIVERSITY OF SOUTHERN
OREGON, et al.,

    Defendants.

Civil No. 08-3037-CL

ORDER TO PROCEED IN FORMA
PAUPERIS AND REPORT AND
RECOMMENDATION TO DISMISS

CLARKE, Magistrate Judge:

IT IS ORDERED that the provisional *in forma pauperis* status given plaintiff is confirmed. However, for the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that some of plaintiff's claims are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief which is not available. See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff, Peter T. Harrell, proceeding pro se, has filed a complaint against the University of Southern Oregon and various officer, employees, or agents, including Doe defendants, of the University who were acting under color of law and in the capacity of their offices as officers, employees or agents of the University. (Complaint at 1-3). Plaintiff alleges civil rights claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. Plaintiff also alleges state claims for fraud by inducement, conversion, negligent, reckless and/or willful infliction of emotional distress in violation of the Oregon Constitution, Article I, Section 8, and unlawful trade practices under "ORS 646.645, et seq". (Id. at 13-19). Plaintiff seeks monetary damages against all the defendants. (Complaint at 6, 8, 10, 18, 19).

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune party. 28 U.S.C. § 1915(e) (1998). Neitzke v. Williams, 490 U.S. 319, 324 (1989) [former § 1915(d)]; Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Servs., 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

## DISCUSSION

### Eleventh Amendment/Oregon Tort Claims Act/Pendent State Claims

The Eleventh Amendment bars a citizen from bringing suit in federal court against the citizen's own state regardless of the relief sought. Alabama v. Pugh, 438 U.S. 781 (1978). The

Order and Report and Recommendation - Page 2

Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments..." Thiokol Corp. v. Department of Treasury, State of Michigan, 987 F.2d 376, 381 (6th Cir. 1993)(citation omitted); Austin v. State Industrial Insurance System, 939 F.2d 676, 677 (9th Cir. 1991). Eleventh Amendment immunity is applicable to federal and supplemental state law claims. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 120 (1984).

A state's Eleventh Amendment immunity may be waived. Actmedia, Inc. v. Stroh, 830 F.2d 957 (9th Cir. 1986). The test for finding a waiver is very stringent. Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985). The waiver or consent must be unequivocally expressed and must be stated by the most express language or by such overwhelming implications in the text as to leave no room for any other reasonable construction. Id. The Supreme Court has held that the enactment of 42 U.S.C. § 1983 was not intended to overcome a state's Eleventh Amendment immunity from suit. Edelman v. Jordan, 415 U.S. 651 (1974).

A state's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued. Pennhurst, 465 U.S. at 99. A general waiver of sovereign immunity, although sufficient to subject a state to suit in its own courts, is insufficient to waive a state's Eleventh Amendment immunity from suits in federal court. See Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985); Pennhurst, 465 U.S. at 99.

If the state expressly waives its immunity and consents to suit in federal court, the suit is not barred by the Eleventh Amendment. Scanlon, 473 U.S. at 241. In the absence of consent, a suit in federal court in which a state, its agency, or its employees/agents acting within the course and

scope of their employment, are named as defendants is barred by the Eleventh Amendment. Pennhurst, 465 U.S. at 100.

Under the "arm of the state" doctrine, a state agency is immune from suit under the Eleventh Amendment because the state is the real party in interest. Durning v. Citibank, N.A., 950 F.2d 1419, 1423 (9th Cir. 1991). To determine whether an agency is an "arm of the state", the following factors must be examined:

1) whether the judgment would be satisfied out of state funds;

2) whether the entity performs central government functions;

3) whether the entity can sue or be sued;

4) whether the entity has the power to take property in tits own name or only in the state's name; and

5) the corporate status of the entity. When determining these factors the court looks to the way state law treats the entity. Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). The court rules that Southern Oregon University is an "arm of the state" for purposes of the Eleventh Amendment. Houston v. University of Oregon, 2004 WL 1612950 (D.Or. at *4 (citing Rounds v. Oregon Bd. of Higher Edu., 166 F.3d 1032, 1035-1036 (9th Cir. 1999).

> The Oregon Tort Claims Act (OTCA)
>
> provides a limited waiver of the State of Oregon's sovereign immunity for the torts of its officers, employees and agents acting within the scope of their employment or duties. ORS 30.265(1). It does not waive the State of Oregon's Eleventh Amendment immunity to suit in federal court . . . .

Otsyula v. Oregon Dept. of State Lands, 2008 WL 700965 (D.Or.) at *3. Therefore, any section 1983 claims and state law claims against Southern Oregon University should be

Order and Report and Recommendation - Page 4

dismissed.

The OTCA also provides that the sole cause of action for torts committed by employees or agents acting within the scope of their employment is against the public body. ORS 30.265(1). To the extent that plaintiff is seeking monetary relief against the individual defendants under section 1983 his claims should be dismissed. See Rounds, 166 F.3d at 1036. Likewise, plaintiff's state law claims against the individual defendants are barred by the Eleventh Amendment and the OTCA and should be dismissed.

However, the Eleventh Amendment does not protect state officials acting in their official capacity from suits for declaratory or injunctive relief. Id. Therefore, plaintiff may only pursue his section 1983 claims for declaratory and injunctive relief against the individual defendants acting in their official capacities in federal court.

## 42 U.S.C. §§ 1985, 1986, and 1988

42 U.S. § 1985 provides that:

(1) Preventing officer from performing duties

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

(2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from

attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

It is clear from plaintiff's complaint allegations that section 1985 (1) and (2) are not applicable to this case. A claim brought under section 1985 (3) requires a direct or indirect purpose to deprive a person of the equal protection of the laws. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir.), cert denied, 502 U.S. 957 (1991). This "means that there must be some racial or class-based, invidiously discriminatory animus behind the conspirators' action." Griffin

v. Breckenridge, 403 U.S. 88, 96-103 (1971); Komasinski v. I. R. S., 588 F.Supp. 974, 977 (N.D.Ind. 1984). A complaint that does not contain such allegations will be dismissed. See Id.

Plaintiff fails to set forth facts showing defendant's acts were the result of racial or class-based animus. Therefore, he has failed to state a claim, and his § 1985 claim should be dismissed. In the absence of a valid claim under § 1985, no claim lies under § 1986. Loy v. Clamme, 804 F.2d 405, 408 (7th Cir. 1986). Therefore, his § 1986 claim should also be dismissed.

Pro se civil rights litigants are not entitled to attorneys fees under 42 U.S.C. § 1988. See Gonzalez v. Kangas, 814 F.2d 1411, 1411-12 (9th Cir.1987). Therefore, plaintiff's section 1988 claim should be dismissed.

## RECOMMENDATION

Based on the foregoing, it is recommended that: 1) plaintiff's action be dismissed without prejudice, as plaintiff may file a suit in state court for any of the claims barred by the Eleventh Amendment; 2) plaintiff be allowed to file an amended complaint stating only his section 1983 claims against the individual defendants in their official capacities for declaratory and injunctive relief within thirty (30) days of the date of the District Judge's order either adopting, not adopting, or modifying this recommendation; and 3) plaintiff be advised that failure to file an amended complaint as directed by the District Court Judge will result in the dismissal of this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on July 3, 2008.* Failure to timely

file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 18 day of June, 2008.

_____
HONORABLE MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE