HARDY MYERS
Attorney General
JOSEPH G. GROSHONG #04010
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: joseph.g.groshong@doj.state.or.us

Attorneys for Defendant Southern Oregon University

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PETER T. HARRELL,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHERN OREGON UNIVERSITY;<br>MARY CULLINAN; CASEY CLITHERO;<br>JANAY HAAS; LORE RUTZ-BURRI; JOHN<br>DOES 1-20, et al.,<br><br>    Defendants. | Case No. 1:08-cv-3037-CL<br><br>MEMORANDUM IN SUPPORT OF<br>MOTION TO DISMISS |

## INTRODUCTION

Plaintiff sues the State and state employees on a number of different theories. This court initially dismissed plaintiff's complaint *sua sponte*. Upon review of the court's order and recommendation, the district court ruled that plaintiff had stated at least one non-frivolous 42 U.S.C. § 1983 claim, and that some of plaintiff's claims were not properly dismissed because defendants had yet to raise particular defenses. Defendants now raise those defenses and move to dismiss all of plaintiff's claims against Southern Oregon University, plaintiff's state law

Page 1 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
        JGG/cbh/#941446-v1
                                        Department of Justice
                                        1162 Court Street NE
                                        Salem, OR 97301-4096
                                     (503) 947-4700 / Fax: (503) 947-4791

claims, and his claims under 42 U.S.C. §§ 1985, 1986, and 1988 for lack of subject matter jurisdiction, Fed. R. Civ. Pro. 12(b)(1), and failure to state a claim, Fed. R. Civ. Pro. 12(b)(6).

## STANDARD OF REVIEW

Faced with a factual attack on subject matter jurisdiction under Fed. R. Civ. Pro. 12(b)(1),

> the trial court may proceed as it never could under Rule 12(b)(6) or Fed.R.Civ.P. 56. * * * No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. Wash. 1979) (citation omitted).

In ruling a motion to dismiss under Fed R. Civ. Pro. 12(b)(6), a court's review is limited to allegations contained in the pleadings, exhibits attached to the complaint and matters properly subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 663 (9th Cir. 2007). Thus, only facts as set forth in the Complaint are relevant to a motion to dismiss under FRCP 12(b)(6). Defendants do not accept the truth of many of plaintiff's allegations, but will not contest their accuracy for the purposes of this motion.

A complaint or a claim in a complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Roberston v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984), *citing* 2A J. Moore, Moore's Fed. Practice ¶12.08 at 2271 (2d ed. 1982). When a court considers a motion to dismiss, all allegations of the complaint are construed in the plaintiff's favor. *Sun Saving & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level.

Page 2 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
         JGG/cbh/#941446-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

*Id.* at 1965 (citations omitted; brackets and interior punctuation added by Court). *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007).

Dismissal is appropriate under Fed. R. Civ. Pro. 12(b)(6) if the facts alleged do not state a claim to relief that is "plausible on its face." *Id.* at 1974.

## ARGUMENT

As the court previously concluded:

> The Eleventh Amendment bars a citizen from bringing suit in federal court against the citizen's own state regardless of the relief sought. *Alabama v. Pugh*, 438 U.S. 781 (1978). The Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments..." *Thiokol Corp. v. Department of Treasury, State of Michigan*, 987 F.2d 376, 381 (6th Cir. 1993)(citation omitted); *Austin v. State Industrial Insurance System*, 939 F.2d 676, 677 (9th Cir. 1991). Eleventh Amendment immunity is applicable to federal and state supplemental law claims.

*Order and Report and Recommendation* at p. 3. The state has not waived Eleventh Amendment immunity in this case. As the court concluded, 42 U.S.C. § 1983 is not a waiver of a state's Eleventh Amendment immunity from suit. *Edelman v. Jordan*, 415 U.S. 651 (1974). As the court earlier explained, a state agency is immune from suit under the Eleventh Amendment because the state is the real party in interest. *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1423 (9th Cir. 1991). As the court concluded, SOU is properly considered an "arm of the state" for Eleventh Amendment purposes. *Rounds v. Oregon Bd. Of Higher Edu.*, 166 F.3d 1032, 1035-36 (9th Cir. 1999). Accordingly, all claims against SOU are properly dismissed.

Where a plaintiff seeks a total of less than $100,000 in damages from state employees under state law theories, as plaintiff does here, substitution of the state for the named defendants on the state law theories is clearly proper as a matter of law under ORS 30.265(1). *Clarke v. Oregon Health Sciences University*, 343 Or 581, 610 (2007) (substitution under ORS 30.265 appropriate where alleged damages not so great that they would emasculate remedy guaranteed by Oregon Constitution). As the damages alleged by plaintiff under state law theories is well within current OTCA damages caps, as set forth in ORS 30.270, substitution of the state on

Page 3 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
           JGG/cbh/#941446-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

plaintiffs' state law claims would be appropriate were this matter in state court. However, plaintiff cannot proceed against the State in this forum because the State has not waived its immunity under the Eleventh Amendment. Therefore, rather than substituting the state pursuant to ORS 30.265(1) the state law claims brought by plaintiff should be dismissed.

The discussion of nearly identical OTCA issues in *Estate of Pond v. Oregon*, 322 F. Supp. 2d 1161, 1165 (D. Or. 2004), is also helpful:

> The State Defendants note that the Oregon Tort Claims Act requires that the public body be substituted for state employees who are individually named as defendants in a tort claim. ORS 30.265(1). I dismiss the fourth claim for wrongful death alleged against Mink, Walsh, and Fitzpatrick, leaving the State of Oregon as the only State Defendant in that claim.
>
> The State of Oregon argues that the Eleventh Amendment protects it from liability for the wrongful death claim. Under the Eleventh Amendment, a state and state agencies are "immune from suit under state or federal law by private parties in federal court absent a valid abrogation of that immunity or an express waiver by the state." *In re Harleston*, 331 F.3d 699 (9th Cir. 2003). The Oregon Tort Claims Act is a waiver of sovereign immunity but does not waive Eleventh Amendment immunity. Thus, suits by private parties against the state must be brought in state court. Accordingly, I also dismiss the fourth claim for wrongful death against the State of Oregon.

Dismissal of plaintiffs' claims under 42 U.S.C. §§ 1985, 1986, and 1988 is also appropriate. Plaintiff has pled no facts sufficient to support any of those claims. As the court has already concluded, "[p]laintiff fails to set forth facts showing defendants' acts were the result of racial or class-based animus. Therefore, he has failed to state a claim [under 42 U.S.C. § 1985] and his § 1985 claim should be dismissed. In the absence of a valid claim under § 1985, no claim lies under § 1986. * * * Therefore his § 1986 claim should also be dismissed." *Order and Report and Recommendation* at p. 7. As *pro se* civil litigants are not entitled to attorney fees under 42 U.S.C. § 1988, *Gonzalez v. Kangas*, 814 F.2d 1411, 1411-12 (9th Cir 1987), plaintiff has failed to state a claim for relief under § 1988. He proceeds *pro se*.

Page 4 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
JGG/cbh/#941446-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## CONCLUSION

For the foregoing reasons, defendants ask this court to dismiss SOU from this action, dismiss the state law claims from this action, and dismiss plaintiff's claims for relief under 42 U.S.C. §§ 1985, 1986, and 1988.

DATED this 2 day of September, 2008.

Respectfully submitted,

HARDY MYERS
Attorney General

_____
JOSEPH G. GROSHONG #04010
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
joseph.g.groshong@doj.state.or.us
Of Attorneys for Defendants

Page 5 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
           JGG/cbh/#941446-v1
                            Department of Justice
                            1162 Court Street NE
                            Salem, OR 97301-4096
                            (503) 947-4700 / Fax: (503) 947-4791

# CERTIFICATE OF SERVICE

I certify that on September 2, 2008, I served the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS upon the parties hereto by the method indicated below, and addressed to the following:

Peter T. Harrell  
P. O. Box 131  
Ashland, Oregon 97520  
    Plaintiff Pro Se

___ HAND DELIVERY  
_X_ MAIL DELIVERY  
___ OVERNIGHT MAIL  
___ TELECOPY (FAX)  
___ E-MAIL  
___ E-FILE

_____  
JOSEPH G. GROSHONG #04010  
Assistant Attorney General  
Trial Attorney  
Tel (503) 947-4700  
Fax (503) 947-4791  
joseph.g.groshong@doj.state.or.us  
Of Attorneys for Defendant SOU

Page 1 -   CERTIFICATE OF SERVICE  
JGG/cbh/JUSTICE-#931519-v1-Harrell_3037_CertOfServiceDOJustice  
Department of Justice  
1162 Court Street NE  
Salem, OR 97301-4096  
(503) 947-4700 / Fax: (503) 947-4791