IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PETER T. HARRELL,

                Plaintiff,

v.

SOUTHERN OREGON UNIVERSITY, et al.,

                Defendants.

Case Number CV 08-3037-CL

**REPORT & RECOMMENDATION**

Clarke, Magistrate Judge:

Plaintiff filed a suit against Defendants Southern Oregon University (SOU), Mary Cullinan, Casey Clithero, Janay Haas, Lore Rutz-Burri, and John Does 1-20, et al. Defendants moved to dismiss all of plaintiff's claims against Southern Oregon University (SOU), plaintiff's state law claims, and his claims under 42 U.S.C. §§ 1985, 1986, and 1988 (#29). The court grants this motion in part and denies it in part.

I. **BACKGROUND**

Plaintiff Peter T. Harrell, proceeding *pro se*, filed a complaint against SOU and various

officers, employees, and agents, who were acting under the color of law and in the capacity of their offices as officers, employees or agents. (Compl. 1-3). Plaintiff asserts civil rights claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. Plaintiff also asserts state law claims for fraud by inducement, conversion, negligent, reckless and/or willful infliction of emotional distress in violation of the Oregon Constitution, Article 1, Section 8, and unlawful trade practice under Or. Rev. Stat. 646.645, et seq.[1] (Id. at 13-19.) Plaintiff seeks monetary damages against all defendants. (Id. at 6, 8, 10, 18, 19.)

This magistrate judge initially recommended to dismiss this complaint on the basis that some of plaintiff's claims are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief which is not available. (Harrell v. SOU, Report and Recommendation, June 18, 2008.) Plaintiff timely objected, and the complaint was reviewed *de novo*, pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). On review, District Court Judge Owen Panner determined that the complaint states at least one non-frivolous claim for relief against each named defendant and did not adopt the magistrate's report and recommendation.

The plaintiff was given *in forma pauperis* status, and the defendants were served with summons and complaint. Defendants then filed this motion to dismiss.

## II. STANDARDS

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and

---

[1] Plaintiff asserts this under Or. Rev. Stat. 645.645 et seq., but the court notes that this section has been repealed and the section under this title is Or. Rev. Stat. 646.607. In addition, this section has been amended pursuant to the Oregon House of Representatives House Bills 3630 and 3631 of the First Special Session of 2008. Amendments relate specifically to unlawful trade practices related to real estate and do not affect this claim.

REPORT & RECOMMENDATION 2

construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

A complaint or a claim in a complaint may be dismissed as a matter of law for two reasons: (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). When a court considers a motion to dismiss, all allegations of the complaint are construed in the plaintiff's favor. Sun Saving & Loan Ass'n v. Dierdoff, 825 F.2d 187, 191 (9th Cir. 1987).

A motion to dismiss under Rule 12(b)(6) will be granted only if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-64 (2007) (internal quotation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) [.]" Id. at 1965 (citations and internal quotations omitted).

## III. DISCUSSION

### A. The Eleventh Amendment Bars Plaintiff's § 1983 Claims against Defendant Southern Oregon University.

Plaintiff alleges SOU violated his rights under the First Amendment of the Constitution and deprived him of due process of the law. Defendants assert that these claims must be dismissed because, as an arm of the state, SOU has Eleventh Amendment Immunity.

The Eleventh Amendment bars a citizen from bringing suit in federal court against the citizen's own state regardless of the relief sought. Alabama v. Pugh, 438 U.S. 781 (1978). The

Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments . . ." Thiokol v. Department of Treasury, State of Michigan, 987 F.2d 376, 381 (6th Cir. 1993)(citation omitted); Austin v. State Industrial Insurance System, 939 F.2d 676, 677 (9th Cir. 1991). Eleventh Amendment immunity is applicable to federal and supplemental state law claims. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 120 (1984) ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

The Eleventh Amendment is not a true limitation upon the court's subject matter jurisdiction. It is a personal privilege which a state may elect to affirmatively assert. See Hill v. Blind Industries & Servs. of Md., 179 F.3d 754, 760 (9th Cir. 1999). A state's Eleventh Amendment immunity may be waived. Actmedia, Inc. v. Stroh, 830 F.2d 957 (9th Cir. 1986). The test for finding a waiver is very stringent. Astadero State Hosp. v. Scanlon, 473 U.S. 234 (1985). The waiver or consent to jurisdiction must be unequivocally expressed and must be stated by the most express language or by such overwhelming implications in the text as to leave no room for any other reasonable construction. Id. The Supreme Court has held that the enactment of 42 U.S.C. § 1983 was not intended to overcome a state's Eleventh Amendment immunity from suit. Edelman v. Jordan, 415 U.S. 651 (1974).

A state's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued. Pennhurst, 465 U.S. at 99. A general waiver of sovereign immunity, although sufficient to subject a state to suit in its own courts, is insufficient to waive a state's Eleventh Amendment immunity from suits in federal court. See Atascadero State Hosp., 473 U.S. 234; Pennhurst, 465 U.S. at 99.

If a state expressly waives its immunity and consents to suit in federal court, the suit is not barred by the Eleventh Amendment. Atascadero State Hosp., 473 U.S. at 241. In the absence of consent or waiver, a suit in federal court in which a state, its agency, or its employees or agents acting within the course and scope of their employment, are named as defendants is barred by the Eleventh Amendment. Pennhurst, 465 U.S. at 100.

Under the "arm of the state" doctrine, a state agency is immune from suit under the Eleventh Amendment because the state is the real party in interest. During v. Citibank, N.A., 950 F.2d 1419, 1423 (9th Cir. 1991). To determine whether an agency is an "arm of the state," the following factors must be examined: (1) whether the judgement would be satisfied out of state funds; (2) whether the entity performs central government functions; (3) whether the entity can sue or be sued; (4) whether the entity has the power to take property in its own name or only in the state's name; and (5) the corporate status of the entity. When determining these factors, the court looks to the way the state law treats the entity. Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). The Ninth Circuit applied this test and determined that the University of Oregon is an arm of the state for Eleventh Amendment purposes. Rounds v. Oregon Bd. of Higher Educ., 166 F.3d 1032, 1035 (9th Cir. 1999).

Defendant SOU asserts that it is an arm of the state and further asserts its Eleventh Amendment immunity privilege. (Def.'s Memo. in Supp. of Mot. to Dismiss (Def.'s Memo.) 3). See Rounds, 166 F.3d at 1035. Plaintiff raises no argument to Defendants' motion to dismiss § 1983 claims against SOU although he does raise several arguments relating to individual defendants. (Pl.'s Resp. to Def.'s Mot. to Dismiss (Pl.'s Resp.) 3). Regardless, as SOU has properly asserted its immunity, plaintiff's § 1983 claims against the State of Oregon through its

dependent instrumentality of SOU are dismissed.

**B.    Eleventh Amendment Does Not Bar § 1983 Claims Against Individuals Acting in Their Official or Personal Capacity**

Plaintiff also alleges that defendants Mary Cullinan, Casey Clithero, Janay Haas, Lore Rutz-Burri, and John Does 1-20, et al., in their individual and official capacity violated his First Amendment rights and deprived him of due process.

An individual who is acting under the color of the law may be sued for injunctive or monetary relief. The Eleventh Amendment does not bar prospective relief against a state official to prevent future federal constitutional or federal statutory violations when the official is acting in his official capacity. See Ex parte Young, 209 U.S. 123 (1908). As established in Young, federal courts may enjoin state officials to conform their conduct to requirements of federal law. Milliken v. Bradley, 433 U.S. 267, 289 (1977). To determine if there is a proper claim for prospective, injunctive relief, the court conducts a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002) (quoting Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring)).

A plaintiff may seek monetary relief in some circumstances from a defendant who is a public officer. "[D]amages awards against individual defendants in federal courts 'are a permissible remedy in some circumstances, notwithstanding the fact that they hold public office'. . . . the Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under §1983." Hafer v. Melo, Jr., 502 U.S. 21, 30-31 (1991) (quoting Scheuer, 416 U.S. at 237-38).

Defendants have not moved to dismiss the individuals from this suit. However, Plaintiff goes to great length to support his claims against these individuals, asserting that he has named them in their official and personal capacities and he is entitled to relief.

There has been no motion to dismiss the individual Defendants, but Plaintiff's arguments are well taken. A state may not grant state officials from immunity from federal civil rights laws. Howlett v. Rose, 496 U.S. 356, 375-76 (1990). Taking all allegations of material fact as true and construing them in the light most favorable to the plaintiff, Plaintiff's complaint as to his § 1983 claims against individual defendants would sustain a 12(b)(6) motion.

### C. Plaintiff Has Not Pled Sufficient Facts to Sustain Claims Under §§ 1985 and 1986

Plaintiff argues that the Defendants' actions amounted to a conspiracy to interfere with his civil rights under 42 U.S.C. § 1985. A claim brought under § 1985(3) requires a direct or indirect purpose to deprive a person of the equal protection of the laws. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991). Specifically a party has an action for recovery of damages when "two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly any person or class of persons equal protection of the laws . . . ." 42 U.S.C. § 1985(3). "Each member of the conspiracy 'must have knowledge of the nature and scope of the agreement.'" Center for Legal Studies, Inc. v. Lindley, 64 F.Supp.2d 970, 979 (D. Or. 1999) (quoting Rios v. Navarro, 766 F.Supp. 1158, 1162 (S.D.Fla. 1991)). "[T]here must be some racial or class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 96-103 (1971); Komasinski v. I.R.S., 588 F.Supp. 974, 977 (N.D. Ind. 1984). "The 'class' that is targeted by the defendant must be 'something more than a group of

individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors.'" Center for Legal Studies, 64 F.Supp 2d at 979 (quoting Kennan v. Allan, 889 F.Supp 1320, 1364 (E.D.Wash. 1995)).

Plaintiff argues that he has properly pled sufficient facts to support a viable § 1985(3) claim because the Defendants acted in a "conspiracy to deprive him of his First Amendment rights, and doing so by way of invidious discrimination (that is 'class of one') based upon his political and social views as communicated in the public forum." (Resp. to Mot. 5); see Compl. 4 and 6-7. He argues that the Supreme Court recognized a class of one "where the plaintiff alleges that she has been intentionally treated differently from other similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Even construing the allegations in the Plaintiff's favor, however, there are not sufficient facts to support his claim. Plaintiff has shown nothing of Defendants' selective enforcement of the law (or in this case, school policy and procedure) to suggest that the plaintiff has been singled out because of his political views or that he was treated differently from other students similarly situated. His § 1985 claims against all Defendants are dismissed.

Plaintiff also argues that he has a claim under 42 U.S.C. § 1986 related to the same facts of his § 1985 claim. A § 1986 claim extends liability if a person knows of an injury under § 1985, has the power to prevent or power to aid prevention of this injury, and takes no action to prevent it. 42 U.S.C. § 1986. In the absence of a valid claim under § 1985, no claim lies under § 1986. Loy v. Clamme, 804 F.2d 408 (7th Cir. 1986). The court dismisses the Plaintiff's § 1986 claims.

### D. Plaintiff Is Not Entitled to Attorney's Fees Under § 1988

Section 1988 provides for "reasonable attorney's fee" in any action to enforce § 1983. However, pro se civil litigants are not entitled to attorney's fees. See Gonzalez v. Kangas, 814 F.2d 1411, 1411-12 (9th Cir. 1987). Should the plaintiff retain an attorney for further litigation related to his complaint, he may amend his complaint at that time.

### E. Pendent State Law Claims Against All Defendants Are Dismissed Because of the State's Eleventh Amendment Immunity and Plaintiff's Failure to State a Claim

Plaintiff seeks pendent jurisdiction so that the court will hear his state law claims of fraud, conversion, reckless and/or willful infliction of emotional distress, and unlawful trade practices. The district court has the discretion to hear pendent state claims where there is a substantial federal claim arising out of a common nucleus of operative fact. 28 U.S.C. § 1367(a); United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). "It has been consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." Id. at 726.

Plaintiff asserts that he was harmed by Defendants' fraud of inducement by false promises. He argues that SOU advertising sets forth claims and presentations that were "simply untrue." (Pl.'s Compl. 16.) He seeks fees, tuition, and other moneys from Defendants as a result of the inducements.

Plaintiff also argues that Defendants committed conversion by charging him for disbursement of government financial aid. He seeks damages of the fifteen dollars initially charged and $150 for exemplary and punitive damages. Id. at 18.

Plaintiff alleges that Defendants' actions were undertaken with "negligent, reckless,

and/or willful disregard for the emotional and psychological harm." He claims he has suffered "extreme and ongoing emotional and psychological pain and distress, including but not limited to, anger, embarrassment, frustration, irritation, loss of face in the community, ridicule and reprimand by authority figures, sleeplessness, and loss of appetite." Id. at 19. He seeks general and specific damages in the amount of $1500 and punitive damages in the amount of $3,000.

Lastly, Plaintiff alleges that the actions of Defendants constitute unlawful trade practices under Oregon law. He believes he is entitled to statutory damages in the amount of $200.

### 1. OTCA Replaces State Employees with the State of Oregon, Immune From Suit in Federal Court

Defendants argue that the Oregon Tort Claims Act (OTCA) is applicable here: "[w]here a plaintiff sees a total of less than $100,000 in damages from state employees under state law theories . . . substitution of the state for the named defendants on the state law theories is proper as a matter of law under ORS 30.265(1)." (Def.'s Memo. 3) (citing Clarke v. Oregon Health and Sciences Univ., 343 Or. 581, 610 (2007).

The OTCA provides in pertinent part:

> The sole cause of action for any tort of officers, employees, or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 shall be an action against the public body only. The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action or suit against any such officer, employee or agent of a public body whose act or omission within the scope of the officer's, employee's or agent's employment or duties gives rise to the action or suit. No other form of civil action or suit shall be permitted. If an action or suit is filed against an officer, employee or agent of a public body, on appropriate motion the public body shall be substituted as the only defendant.

Or. Rev. Stat. 30.265(1) (2005). Accordingly, individual defendants in a tort action are

replaced with the state so long as they were acting within the scope of their employment or duties. See Center for Legal Studies, Inc., 64 F. Supp.2d at 974. The applicable damages cap of the OTCA of $100,000 may not violate an individual's constitutional right of remedy under the Oregon Constitution, Article 1, § 10, by depriving him of a substantial remedy. See Clarke, 343 Or. at 607-08.

The court uses a three-part test to analyze whether an individual defendant was acting within the scope of his or her employment under the OTCA. The court must assess (1) whether the conduct was of the kind the defendant was hired to perform; (2) whether the conduct occurred within an authorized time and space; and (3) whether the defendant was motivated at least in part, by purpose to serve the employer. Id. (citing Stanfield v. Laccoarce, 284 Or. 651, 655 (1978)).

When individuals are acting within the scope of their employment with the state in relation to the alleged tortious conduct, the only proper defendant is the state of Oregon. See Center for Legal Studies, Inc., 64 F. Supp.2d at 976. If the state does not waive its Eleventh Amendment immunity, then the Eleventh Amendment bars the state tort claims from being heard in federal court. See id. The OTCA "is a waiver of sovereign immunity but does not waive Eleventh Amendment immunity. Thus, suits by private parties against the state must be brought in state court." Estate of Pond v. Oregon, 322 F.Supp.2d 1161, 1164 (D. Or. 2004).

The Plaintiff does not allege that the individual defendants are not acting within their scope of employment as employees of SOU, an arm of the state. By applying the OTCA, the state of Oregon replaces the individual defendants of Mary Cullinan, Casey Clithero, Janay Haas, Lore Rutz-Burri, and John Does 1-20. Defendants argue that as the state has already asserted its

Eleventh Amendment immunity from suit, the pendent state law claims must be dismissed in this claim filed in federal court. (Def.'s Memo. 3); see Part III.A.

Plaintiff objects to Defendants' motion. He argues that where the district court has a case of original jurisdiction, it has an "unflagging obligation" to exercise the jurisdiction. (Pl.'s Resp. to Mot. 6) (quoting United States v. Rubenstein, 971 F.2d 288, 293 (9th Cir. 1992)). His defense of his pendent law claims is grounded in a misapplication of federal law. He reminds the court that the state cannot immunize defendants of federal liability. (Pl.'s Resp. to Mot. 6). However, pendent jurisdiction of state law claims does not create federal liability simply because state law claims may be heard in federal court. Pendent jurisdiction is discretionary. United Mine Workers, 383 U.S. at 726. Simply because the court *may* hear state law claims does not create federal jurisdiction. The OTCA does not waive Oregon's Eleventh Amendment immunity, and such state law claims should be brought in state court. See Estate of Pond, 322 F.Supp.2d at 1164.

Plaintiff contends that SOU has waived its Eleventh Amendment immunity by accepting federal funding to administer SOU. This contention is not supported by law. A university that accepts federal assistance may not assert sovereign immunity from suits arising from specific federal statutes including the Rehabilitation Act, Title IX of the Education Amendments, the Age Discrimination Act or the Civil Rights Act. 42 U.S.C. § 2000d-7. However, Plaintiff has not pled a complaint under any of these acts to support his contention that SOU waived its immunity. (Pl.'s Resp. to Mot. 7.)

Plaintiff also argues that dismissing his pendent law claims would deprive him of remedy. (Pl.'s Resp. to Mot. 7) However, dismissal of his pendent law claims from this complaint in

district court in no way precludes him filing his claims in state court. In addition, unlike the plaintiff in Clarke, 343 Or. at 601, who was entitled to damages in excess of the $100,000 cap proscribed by the OTCA, the Plaintiff here seeks a total of $4,665 plus fees, tuition and other moneys in damages. This does not exceed the $100,000 cap, and Plaintiff is not deprived of a substantial remedy.

## 2. No Cognizable Claim for Unlawful Trade Practice

Plaintiff has also filed a claim for unlawful trade practices under Oregon law. Under Oregon law, unlawful business or trade practices occur when

> A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person:
> (1) Employs any unconscionable tactic in connection with the sale, rental or other disposition of real estate, goods or services, or collection or enforcement of an obligation;
> (2) Fails to deliver all or any portion of real estate, goods or services as promised, and upon request of the customer, fails to refund any money that has been received from the customer that was for the purchase of the undelivered real estate, goods or services and that is not retained by the seller pursuant to any right, claim or defense asserted in good faith. This subsection does not create a warranty obligation and does not apply to a dispute over the quality of real estate, goods or services delivered to a customer . . . .

Or. Rev. Stat. 646.607. Plaintiff supports this claim citing marketing literature from SOU's website that discusses its academic programs and student satisfaction, among other things. Plaintiff's complaint does not provide factual allegations that raise a right to relief above a speculative level. Even assuming the allegations are true, Plaintiff has not shown that Defendants have employed any unconscionable tactic or failed to deliver good or services as promised. At most, he makes allegations as to the quality of services provided, but Oregon law does not consider this an unlawful business or trade practice. In addition, as these claims would

REPORT & RECOMMENDATION 13

also be considered torts, were they valid claims, they would be covered under the OTCA and permissible in state court.

All of plaintiff's pendent state law claims are dismissed. His claims related to tort law are dismissed because the state of Oregon properly replaces individual defendants and is immune from suit in this court and plaintiff has not pled sufficient facts for unlawful trade practices.

## IV. CONCLUSION

Defendant SOU, as an arm of the state of Oregon, asserts its Eleventh Amendment immunity from suit in federal court. Section 1983 claims against it are properly dismissed. Individuals acting in their official and individual capacities, however, are not immune from suit, and the § 1983 claims against these defendants survive. Section 1985 claims against all Defendants are dismissed as Plaintiff has not pled facts sufficient to state a claim, even when taken in the light most favorable to the nonmoving party. As a result, accompanying § 1986 claims against all Defendants are dismissed as well. The court also dismisses Plaintiff's § 1988 claim for attorney's fees, but the Plaintiff is free to amend his complaint if he retains an attorney.

As to pendant state law claims, the state of Oregon properly replaces state employees sued for torts while acting within the scope of their employment. Oregon has not waived its immunity from suit in federal court, and these tort claims may not be presented here. This does not interfere with Plaintiff's right to sue under these theories in state court, however.

Lastly, Plaintiff's unlawful trade practice claims are also dismissed because Plaintiff has not pled facts sufficient to state a claim.

## V. RECOMMENDATION

The court recommends that § 1983 claims against Defendant SOU be dismissed. Section

REPORT & RECOMMENDATION 14

§§ 1985, 1986, and 1988 claims against all Defendants should also be dismissed. Lastly, Plaintiff's pendant state law are dismissed. Claims remaining to be heard in this court include § 1983 claims for injunction relief and monetary relief from defendants named in their official and individual capacity.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due by December 30, 2008. If objections are filed, any responses to the objections are due within 10 days, see Federal Rules of Civil Procedure 72 and 6.* Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _11_ day of December, 2008.

MARK D. CLARKE

United States Magistrate Judge