JOHN R. KROGER
Attorney General
JOSEPH G. GROSHONG #04010
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: joseph.g.groshong@doj.state.or.us

Attorneys for Defendants Southern Oregon University; Mary Cullinan; Casey Clithero; Janay Haas; and Lore Rutz-Burri

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PETER T. HARRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>SOUTHERN OREGON UNIVERSITY; MARY CULLINAN; CASEY CLITHERO; JANAY HAAS; LORE RUTZ-BURRI; JOHN DOES 1-20, et al.,<br><br>    Defendants. | Case No. 1:08-cv-3037-CL<br><br>EXHIBITS TO MEMORANDUM IN SUPPORT OF MOTION TO QUASH |

Page 1 -   EXHIBITS TO MEMORANDUM IN SUPPORT OF MOTION TO QUASH
JGG/cbh/1673723-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

RECEIVED
AUG 18 2009
DEPARTMENT OF JUSTICE
TRIAL DIVISION

AO88 (Rev. 12/07) Subpoena in a Civil Case

Certified to be a true and correct copy of the original filed in this District.
Mary A. Moran, Clerk of Court
US District Court of Oregon
By Deputy Clerk
Page _____ Through _____

Issued by the
UNITED STATES DISTRICT COURT
District of Oregon

Peter T. Harrell
v.
Southern Oregon University, et al

SUBPOENA IN A CIVIL CASE

Case Number:[1] 1:08-cv-03037-CL

TO: Defendants Mary Cullinan, Casey Clithero, Janay Haas, Lore Rutz-Burri, and their counsel of record

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All records, emails from or to any source (other than legal counsel), notes, documents, logs, reports, notices, and/or letters relating to the enforcement of OAR 573-075-0040 "Proscribed Conduct" (Subsection (o)(B)) within the past 5 years. Documents already produced during discovery in this case need not be duplicated.

| PLACE Southern Oregon University ("SOU") campus, or copies may be sent to Plaintiff's address of record | DATE AND TIME as arranged by parties within 30 days |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Johnson Deputy Clerk | Office of the Clerk 201 James A. Redden U.S. Courthouse 310 West Sixth Medford, OR 97501 | DATE 8/10/09 |
|---|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Debbie Johnson | | |

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

Requested & approved by: Peter T. Harrell, Plaintiff

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit 1, Page 1 of 2
to Memo in Support of Motion to Quash
Harrell, 1:08-cv-3037-CL

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 8/15/09 | Yreka, CA |
|  |  | USPS |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Joeseph Groshong | Asst. AG - State of OR |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Kimberly Olson |  |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 8/15/09
DATE

*Kimberly Olson*
SIGNATURE OF SERVER

PO Box 1731, Yreka, CA
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

JOHN R. KROGER
Attorney General
JOSEPH G. GROSHONG #04010
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: joseph.g.groshong@doj.state.or.us

Attorneys for Defendants Southern Oregon University; Mary Cullinan; Casey Clithero; Janay Haas; and Lore Rutz-Burri

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PETER T. HARRELL,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN OREGON UNIVERSITY;<br>MARY CULLINAN; CASEY CLITHERO;<br>JANAY HAAS; LORE RUTZ-BURRI; JOHN<br>DOES 1-20, et al.,<br><br>Defendants. | Case No. 1:08-cv-3037-CL<br><br>DECLARATION OF CASEY CLITHERO IN SUPPORT OF MOTION TO QUASH |

I, Casey Clithero, declare as follows:

1. I am the Coordinator of Student Conduct & Co-Curricular Accommodations at Southern Oregon University.

2. I am aware that the plaintiff in this action has issued a subpoena for "All records, e-mails from or to any source (other than legal counsel), notes, documents, logs, reports, notices, and/or letters relating to the enforcement of OAR 573-075-0040 'Proscribed Conduct' (Subsection (o)(B)) within the past 5 years."

Page 1 - DECLARATION OF CASEY CLITHERO IN SUPPORT OF MOTION TO QUASH
JGG/cbh/931518-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

3. Southern Oregon University did not begin keeping any electronic database regarding student discipline records until May 2007. To comply with plaintiff's subpoena, among other things, Defendants would be required to review hardcopy student files that currently fill over eight 36-inch drawers.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

DATED this 17 day of September, 2009.

*Casey Clithero*
Casey Clithero

Page 2 - DECLARATION OF CASEY CLITHERO IN SUPPORT OF MOTION TO QUASH
JGG/cbh/931518-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 2, Page 2 of 2
to Memo in Support of Motion to Quash
Harrell, 1:08-cv-3037-CL

## CERTIFICATE OF SERVICE

I certify that on October 9, 2009, I served the foregoing EXHIBITS TO MEMORANDUM IN SUPPORT OF MOTION TO QUASH upon the parties hereto by the method indicated below, and addressed to the following:

Peter T. Harrell
P. O. Box 131
Ashland, Oregon 97520
    Plaintiff Pro Se

___ HAND DELIVERY
_X_ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
___ E-MAIL **peterharrell@yahoo.com**
___ E-FILE

Peter T. Harrell
P.O. Box 1731
Yreka, CA 96097
    Plaintiff Pro Se

___ HAND DELIVERY
_X_ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
___ E-MAIL **peterharrell@yahoo.com**
___ E-FILE

OSB #083460

JOSEPH G. GROSHONG #04010
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
joseph.g.groshong@doj.state.or.us
Of Attorneys for Defendants Southern Oregon
    University; Mary Cullinan; Casey Clithero;
    Janay Haas; and Lore Rutz-Burri

Page 1 - CERTIFICATE OF SERVICE
JGG/cbh/931519