IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PETER T. HARRELL, | ) | Civil No. 08-3037-CL |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| SOUTHERN OREGON UNIVERSITY, et al., | ) | |
| Defendants. | ) | |

**PANNER, Judge.**

On October 16, 2009, Magistrate Judge Clarke filed his Report and Recommendation, which recommends denying Plaintiff Peter Harrell's motion for a preliminary injunction. Harrell timely objected. The matter is now before me for *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

Two principal questions are before the Court: (1) whether Harrell is likely to prevail on his facial challenge to the Code of Conduct, and (2) whether he is likely to suffer irreparable harm unless a preliminary injunction is granted. Judge Clarke concluded the answer to both questions is no. I agree.

Harrell seeks to frame the issue as "content-based" censorship of "pure speech" at a university, which he contends is subject to "strict scrutiny." Objections, p. 1. This Court sees

1 - ORDER

the issue much differently.  Defendants have not prohibited Harrell from posting his ideas on the internet, expressing his views in a public forum, or even shouting his views from the rooftop.  At issue is Harrell's behavior toward fellow students within a classroom setting, albeit an online classroom.

From the documents Harrell attached to his Complaint, it appears that during class discussions, Harrell has behaved in a manner that would be tolerated in few classrooms.  Harrell perceives class discussion as a form of "combat" and he conducts himself accordingly.  When informed that his behavior is intimidating to other students, Harrell responded that "those who can't handle the heat just need to stay out of the kitchen . . . ."  When told that he was in violation of school regulations, Harrell (who is not an attorney) asserted that he will ignore any rules that he believes violate his First Amendment rights.

A classroom is not a public forum where each student has an absolute constitutional right to say whatever he pleases, when he pleases, however he pleases, for as long and as often as he pleases.  This is not talk radio.  Most of the precedents Harrell cites involve speech occurring on campus or otherwise having some connection to a school, but not during actual classes.

Harrell was not admonished for expressing an unpopular view.  Rather, what troubles Southern Oregon University officials are the *ad hominem* attacks Harrell sometimes makes upon his classmates.  Harrell remains free to express his thoughts.  He has simply been asked do so in a mature manner.

/ / / /

2 - ORDER

Harrell contends the Magistrate Judge erred by applying a standard applicable to "minor schoolchildren, rather than adults in a university setting." This contention is ironic, given Harrell's behavior. The argument also is misplaced. The need to maintain order in the classroom does not cease at puberty.

To be sure, Defendants' "shredding the esprit-de-corps" argument is not very persuasive, and the Code of Student Conduct could be clearer. The phrase "displaying defiance or disrespect of others" is somewhat vague. If the intent of the policy is to prohibit intentional insults and *ad hominem* attacks, perhaps the policy should simply say so.

Nevertheless, Harrell has not shown the policy is worded so vaguely as to be unconstitutional. Magistrate Judge Clarke correctly concluded that the phrase "displaying defiance or disrespect of others" is not read in isolation, but interpreted within the broader context of the rule. Furthermore, school officials have given Harrell fair warning of the conduct they find objectionable. In addition, this is not a criminal statute.

Harrell also has not demonstrated that the Code of Conduct is substantially overbroad, which he must do to prevail on a facial First Amendment challenge. It is unlikely permissible speech will be chilled, bearing in mind that college classes are reserved for particular purposes. Harrell may still articulate his views on issues, when appropriate within the context of a particular class, but he must do so without needlessly belittling his fellow students. That does not seem too much to ask.

/ / / /

3 - ORDER

Finally, Harrell has not shown that he is likely to suffer irreparable harm unless the injunction is granted.

## Conclusion

Magistrate Judge Clarke's Report and Recommendation (# 74) are adopted. Plaintiff's motion for Preliminary Injunction is denied.

IT IS SO ORDERED.

DATED this 30th day of October, 2009.

/s/ Owen M. Panner
_____
Owen M. Panner
United States District Judge

4 - ORDER